DAVID ENNIS, PLAINTIFF-APPELLANT, v. JAMES PETRY,
DEFENDANT-RESPONDENT.

Argued February 2, 1959—Decided March 2, 1959.

*Mr. Alastair J. Sellar* argued the cause for plaintiff-appellant (*Messrs. Mead, Gleeson, Hansen & Pantages,* attorneys).

*Mr. John S. Bender* argued the cause for defendant-respondent.

PER CURIAM. Plaintiff was injured in an accident on September 8, 1956, in the Province of Quebec, Canada, while riding in an automobile owned and driven by defendant. Both parties were and are residents of New Jersey. This negligence action was instituted on May 19, 1958. Prior to the filing of an answer, defendant moved to dismiss the complaint on the ground that the cause of action was barred because the suit was not brought within one year after the date of the accident as prescribed by the applicable section of the Civil Code of the Province of Quebec. At the argument of the motion, defendant submitted a short brief which set forth a purported translation from French into English of the allegedly pertinent provisions of the Code. The person who made the translation was not identified, nor were his qualifications to do so presented. No formal or official proof of the Code in the original French or any authenticated translation was submitted. Nor was any adequate evidence adduced in the form of expert proof or otherwise, so far as the record shows, to establish the unusual result contended for by defendant, *i. e.,* that the asserted limitation period is an integral part of the right itself and brings about an extinguishment

thereof if the suit is not brought within a year. The record contains the complaint, notice of motion, the three-page brief (citing a single case in a jurisdiction other than the Province of Quebec or New Jersey) which was given to the trial court, and a nine-line order dismissing the complaint because the claim "is barred by the prescriptive statute of the Province of Quebec." No opinion or memorandum was filed by the trial court and we have no way of knowing how he informed himself of the Quebec law and its interpretation. The question of whether judicial notice may be taken of the law of a foreign country need not be discussed, *Leary v. Gledhill*, 8 *N. J.* 260 (1951); *N. J. S. A.* 2A:82–31; and see, *N. J. S. A.* 2A:82–25, 26, because we are satisfied that it was improper to do so on the record here.

Under the circumstances, on the proofs submitted to us we do not believe that the complaint should have been dismissed summarily. Accordingly, the order is reversed and the matter is remanded so that at a plenary trial or other appropriate proceeding both parties may submit adequate proof of the relevant sections of the Quebec Code, a true and accurate translation, and proper evidence of the local construction of those sections.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices HEHER, BURLING, JACOBS, FRANCIS and PROCTOR—6.

*For affirmance*—None.